Filed 6/15/22  P. v. Xaychareun CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. BOUNLEUY XAYCHAREUN, Defendant and Appellant. | F083463 (Fresno Super. Ct. No. F20903535) **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Monica R. Diaz, Judge.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Appointed counsel for defendant Bounleuy Xaychareun asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v.*

---

[*] Before Poochigian, Acting P. J., Peña, J. and Snauffer, J.

*Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant responded, contending the trial court awarded him insufficient credits. Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On or about June 3, 2020, defendant committed acts of domestic violence against the victim. On June 8, 2020, the trial court issued a criminal protection order against defendant.

On November 12, 2020, the Fresno County District Attorney filed a first amended complaint charging defendant with kidnapping (Pen. Code, § 207, subd. (a);[1] count 1), assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 2), false imprisonment by violence (§ 236; count 3) and dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2)).

On November 19, 2020, defendant pled no contest to count 1, in exchange for no initial state prison with a 365-day lid and a maximum of eight years in prison.

On January 22, 2021, the trial court suspended imposition of judgment and granted defendant three years' formal probation with 365 days' jail time.

On April 8, 2021, a probation officer reminded defendant he was required, as terms of his probation, to enroll in the Batterer's Treatment Program and a substance abuse program by April 22, 2021. The officer provided defendant with referrals to the programs. Defendant made an appointment at the substance abuse program but failed to appear for it.

On May 13, 2021, the probation officer again referred defendant to the programs and advised him the deadline to enroll was May 20, 2021. Defendant said he had made an appointment, but the officer discovered he had not.

---

[1] All statutory references are to the Penal Code.

On July 21, 2021, defendant violated a criminal protective order. The probation officer determined that defendant had never contacted the Batterer's Treatment Program.

On July 23, 2021, the trial court revoked defendant's probation.

On September 24, 2021, the trial court held a contested probation violation hearing. At the conclusion, the court found defendant in violation of probation and imposed the low term of three years in prison. The court awarded 319 days of custody credits and imposed various fines and fees.

On October 20, 2021, defendant filed a notice of appeal.

## DISCUSSION

Defendant contends he should have received more custody credits than the 319 days he was awarded because he served far more than 319 days in jail.

Defendant was convicted of an enumerated violent felony and was therefore subject to the 15 percent worktime limitation of section 2933.1. At the contested violation of probation hearing, the probation officer explained to the trial court that, if committed to prison, defendant would be awarded 240 actual days, *36 goodtime/worktime days* pursuant to section 2933.1 (15 percent of 240 days), and 43 GPS credits, for a total of 319 days.

Section 2933.1, subdivision (a) limits worktime credits to no more than 15 percent for "any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 …." Kidnapping is listed in subdivision (c) of section 667.5. Thus, defendant's worktime credits were limited to no more than 15 percent, as the probation officer explained.

Having undertaken an examination of the entire record, we find no evidence of arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

3.